ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone:  (510) 637-3721
    Facsimile:  (510) 637-3724
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation, | Case No. 4:23-cv-2954-KAW |
| Plaintiff, | **FEDERAL DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| NATIONAL INSTITUTES OF HEALTH, | |
| Defendant. | |

**ANSWER**

Defendant the National Institutes of Health ("NIH" or "Defendant), hereby responds to Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

**INTRODUCTION**

1.    Paragraph 1 of the Complaint contains a characterization of the action to which no response is required.  To the extent a response is required, Defendant admits that Defendant holds government records.  Except as expressly admitted, Defendant denies the allegations in paragraph 1.

2.    Defendant denies the allegations in paragraph 2.

3.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in

paragraph 3, and on that basis denies them.

4.      Paragraph 4 of the Complaint contains a characterization of the action to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

6.      Paragraph 6 contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that the Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

## INTRADISTRICT ASSIGNMENT

7.      Paragraph 7 contains Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required.  To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith.  With respect to the remaining allegations of paragraph 7, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis denies them.

8.      Paragraph 8 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

9.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9, and on that basis denies them.

10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10, and on that basis denies them.

11.     Paragraph 11 contains Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required.  To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith.  With respect to the remaining allegations of paragraph 11, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis denies them.

**PARTIES**

12.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12, and on that basis denies them.

13.     Admitted.

14.     Defendant admits that it qualifies as an "agency" under the FOIA, that it is subject to the FOIA, and that at least some of the records sought by Plaintiff are in the possession and control of Defendant.  Except as expressly admitted, Defendant denies the allegations in paragraph 14.

**LEGAL FRAMEWORK**

15.     Paragraph 15 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

16.     Paragraph 16 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

17.     Paragraph 17 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

18.     Paragraph 18 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

19.     Paragraph 19 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

20.     Paragraph 20 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

21.     Paragraph 21 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

22.     Paragraph 22 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

23.     Paragraph 23 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

24.     Paragraph 24 consists of a characterization of the FOIA.  The FOIA speaks for itself and is the best evidence of its contents.

25. Paragraph 25 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

26. Paragraph 26 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

27. Paragraph 27 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

28. Paragraph 28 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

29. Paragraph 29 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

30. Paragraph 30 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

31. Paragraph 31 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

32. Paragraph 32 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

33. Paragraph 33 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

## STATEMENT OF OPERATIVE FACTS

*FOIA Request One - #57943*

34. Defendant admits that Plaintiff submitted a FOIA request to Defendant on November 5, 2021. Request One speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

35. Defendant admits Request One seeks certain agency records. Request One speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36, and on that basis denies them.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37, and on that basis denies them.

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 38, and on that basis denies them.

39.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39, and on that basis denies them.

40.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40, and on that basis denies them.

41.     Defendant admits the allegations in the first sentence of paragraph 41.  As to the remaining allegations of paragraph 41, Defendant admits that Plaintiff sent an email to NIH's FOIA Request email address on February 24, 2022.  The February 24, 2022 email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Except as expressly admitted, Defendant denies the allegations in paragraph 41.

42.     Defendant admits the allegations in the first sentence of paragraph 42.  Mr. Bordine's February 24, 2022 email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Except as expressly admitted, Defendant denies the allegations in paragraph 42.

43.     Mr. Bordine's February 24, 2022 email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Except as expressly admitted, Defendant denies the allegations in paragraph 43.

44.     Defendant admits that Plaintiff wrote a letter to Defendant but avers that the letter was not dated December 23, 2022, but instead dated December 22, 2022.  Plaintiff's December 22, 2022 letter speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Except as expressly admitted, Defendant denies the allegations in paragraph 44.

45.     Defendant admits the allegations in paragraph 45.

46.     Defendant admits the allegations in paragraph 46.

47.     Paragraph 47 contains Plaintiff's legal conclusions, to which no response is required.  To

1  the extent a response is required, Defendant admits that it has not made a final determination on Request

2  One or released responsive records.

3     48.   Paragraph 48 contains Plaintiff's legal conclusions, to which no response is required.  To

4  the extent a response is required, the cited statutory provision speaks for itself and is the best evidence of

5  its contents, and Defendants deny any inconsistency therewith.

6     49.   Defendant denies the allegations in paragraph 49.

7     50.   Defendant admits that it has not issued a decision on Plaintiff's request for a waiver of fees

8  with respect to Request One.

9     51.   Defendant denies the allegations in paragraph 51 and avers that it has produced an

10  abundance of records responsive to Request One in several of Plaintiff's 35 other requests and five other

11  FOIA lawsuits on this or related topics.

12     52.   Paragraph 52 contains Plaintiff's legal conclusions, to which no response is required.  To

13  the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny

14  the allegations in paragraph 52, and on that basis denies them.

15     53.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in

16  paragraph 53, and on that basis denies them.

17                        *FOIA Request Two - #57707*

18     54.   Defendant admits that Plaintiff submitted a FOIA request to Defendant on January 21,

19  2022.  Request Two speaks for itself and is the best evidence of its contents, and all allegations concerning

20  the contents inconsistent therewith are denied.

21     55.   Defendant admits Request Two seeks certain agency records.  Request Two speaks for

22  itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent

23  therewith are denied.

24     56.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in

25  paragraph 56, and on that basis denies them.

26     57.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in

27  paragraph 57, and on that basis denies them.

28     58.   Defendant incorporates and restates its responses to paragraphs 38-40, *supra*.

FEDERAL DEFENDANT'S ANSWER
4:23-cv-2954-KAW                    6

59.     Defendant admits the allegations in paragraph 59.

60.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first phrase of the first sentence of paragraph 60, and on that basis denies them.  Defendant admits that Plaintiff wrote a letter to Gorka Garcia-Malene but avers that the letter was not dated December 23, 2022, but instead dated December 22, 2022.  Plaintiff's December 22, 2022 letter speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

61.     Defendant admits the allegations in paragraph 61.

62.     Defendant admits the allegations in paragraph 62.

63.     Defendant admits the allegations in the first sentence of paragraph 63.  Defendant denies the allegations in the second sentence of paragraph 63 and avers that it did not provide an estimated completion date of September 1, 2022.

64.     Paragraph 64 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that it has not made a final determination on Request Two or released responsive records.

65.     Paragraph 65 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, the cited statutory provision speaks for itself and is the best evidence of its contents, and Defendants deny any inconsistency therewith.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant admits that it has not issued a decision on Plaintiff's request for a waiver of fees with respect to Request Two.

68.     Defendant admits the allegations in paragraph 68.

69.     Paragraph 69 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69, and on that basis denies them.

70.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70, and on that basis denies them.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

**AND HHS REGULATIONS:**

**FAILURE TO PROVIDE TIMELY FINAL DETERMINATION**

71.    Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

72.    Defendant admits the allegations in the first sentence of paragraph 72.  Defendant denies the allegations in the second sentence of paragraph 72.

73.    Defendant denies that it has indicated that it will not comply with the FOIA Requests. Defendant admits it has not made a final determination on Plaintiff's FOIA Requests and further admits that it has not communicated to Plaintiff its right to administratively appeal a final determination.

74.    Defendant denies that it is violating the FOIA's response deadlines.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 74, and on that basis denies them.

75.    Defendant denies the allegations in paragraph 75.

76.    Defendant denies the allegations in paragraph 76.

**COUNT II**

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:**

**UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS**

77.    Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

78.    Defendant admits the allegations in the first sentence of paragraph 78.  Defendant denies the allegations in the second sentence of paragraph 78.

79.    Defendant denies the allegations in paragraph 79.

80.    Paragraph 80 contains Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 80, and on that basis denies them.

81. Defendant denies the allegations in paragraph 81.

82. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82, and on that basis denies them.

83. Defendant denies that it is violating the FOIA's response deadlines.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 83, and on that basis denies them.

84. Defendant denies the allegations in paragraph 84.

**COUNT III**

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:**

**FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION**

85. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

86. Defendant admits the allegations in the first sentence of paragraph 86.  Defendant denies the allegations in the second sentence of paragraph 86.

87. Defendant admits the allegations in this paragraph.

88. Defendant denies that it is violating the FOIA's requirements.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 88, and on that basis denies them.

89. Defendant denies the allegations in paragraph 89.

**REQUEST FOR RELIEF**

The allegations in paragraphs 1 through 6 following the "WHEREFORE" clause consist of Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation not specifically and expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal

Rules of Civil Procedure 8 and 12.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions.  5 U.S.C. § 552(b).  Disclosure of such information is not required or permitted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA.  5 U.S.C. § 552.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.    Plaintiff takes nothing by its Complaint;

2.    Defendant has judgment against Plaintiff;

3.    Defendant be awarded its costs of suit; and

4.    For such other and further relief as the Court may deem proper.

DATED:  August 28, 2023                    Respectfully submitted,


                                           ISMAIL J. RAMSEY
                                           United States Attorney

                                           */s/ Jevechius D. Bernardoni*
                                           JEVECHIUS D. BERNARDONI
                                           Assistant United States Attorney