ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612-5217
Telephone: (510) 637-3721
Facsimile: (510) 637-3724
jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Case No. 4:23-cv-2954-KAW<br><br>**INITIAL CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |

Plaintiff, US Right to Know ("Plaintiff" or "USRTK") and defendant, National Institutes of Health ("Defendant"), jointly submit this Initial Case Management Statement. The parties jointly request that Court continue the Case Management Conference presently set for September 19, 2023 at 1:30 PM to October 17, 2023 at 1:30 PM to allow the parties sufficient time to finalize their discussions about a stipulated production schedule. If the parties are successful, they will tender their stipulated production schedule for the Court's consideration and approval. If the parties are unsuccessful, then they will so apprise the Court in a future Case Management Statement along with a proposed method of tendering the dispute to the Court for resolution. A proposed order is attached hereto.

**1.   Jurisdiction and Service**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).  Defendant answered the complaint.  ECF No. 16.  No issues exist regarding personal jurisdiction, service, or venue.

**2.   Facts**

USRTK submitted FOIA requests to Defendant on November 5, 2021 ("Request One") and on January 21, 2022 ("Request Two") (collectively, the "Requests").  The Complaint includes three causes of action under the FOIA: failure to produce non-exempt responsive records; failure to provide timely final determination, and a failure to provide an updated and accurate estimated completion date.  Since initiation of this case, USRTK has conferred with Defendant about the interpretation and search for records responsive to the Requests and an appropriate production schedule.  USRTK states its intent to work as cooperatively as possible with Defendant to avoid unnecessary litigation, including over records that Defendant asserts are not subject to disclosure by virtue of one or more of the FOIA's exemptions.

Defendant disputes that there are any unlawful withholdings at issue but joins in USRTK's intent to work cooperatively with USRTK to resolve any disputes in this matter.

**3.   Legal Issues**

USRTK submits that the following legal issues are presently involved in this lawsuit:

　　i.   Whether Defendant issued timely and lawful final determinations on the Requests;

　　ii.  Whether Defendant failed to provide updated estimated completion dates on the Requests;

　　iii. Whether Defendant has produced all responsive, non-exempt records responsive to the Requests following a reasonably adequate search;

　　iv.  Whether Defendant's withholdings under any claimed FOIA disclosure exemption are lawful and factually supported;

　　v.   Whether USRTK is entitled to its attorneys' fees and costs.

Defendant submits that additional legal issues may include whether any of the affirmative defenses in Defendant's answer (ECF No. 16) bar any of USRTK's legal claims.

### 4. Motions

There are no prior motions. If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

### 5. Amendment of Pleadings

No party anticipates amending its pleadings at this time.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

### 7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

### 8. Discovery

To date, no discovery has been taken by any party. The parties note that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). However, USRTK hereby reserves its right to seek discovery concerning the timing and locations where Defendant searched for and processed records responsive to the Requests. This specifically includes whether Defendant conducted a reasonably adequate search of Dr. Morens' gmail account and related devices for agency records. In response, Defendant states that discovery is generally unavailable in FOIA actions, and that FOIA discovery is limited because the underlying FOIA case revolves around the propriety of revealing certain documents.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

There are no related cases pending before this Court as defined by Local Rule 3-12.

### 11. Relief

USRTK seeks the production of all non-exempt records responsive to USRTK's Requests; that all

disclosure exemptions are lawfully applied and factually supported; declaratory relief on USRTK's claims concerning the failure to issue a final determination and failure to provide an updated estimated completion date; and an award of attorneys' fees and costs under 5 U.S.C. section 552(a)(4)(E).

Defendant denies that Plaintiff is entitled to any relief.

**12.    Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at either a settlement conference or ADR process.

**13.    Consent to Magistrate for All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. _X_ Yes ___ No

**14.    Other References**

None applicable.

**15.    Narrowing of Issues**

None applicable.

**16.    Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

Defendant began searching and processing these Requests before the lawsuit was filed. USRTK disputes that assertion. Regarding Request One, Defendant has completed the search for potentially responsive records and located approximately 770 potentially responsive pages. Regarding Request Two, the agency conducted its search for responsive records before the lawsuit was filed and located approximately 1,200 potentially responsive pages. Recently, Defendant became aware of the possible existence of federal records outside of its control. In good faith, Defendant has worked to bring these records within its control in order to deliver any records responsive to Plaintiff's request. Defendant believes it now has all of those federal records in its control and is currently conducting a search for Request Two against those records. The parties intend to meet and confer regarding a processing schedule.

Defendant anticipates processing records at a monthly rate of 250 pages per month, beginning on November 10, 2023. USRTK contends a faster schedule is warranted in light of how long these Requests were pending before NIH and the FOIA's mandate that records be made promptly available to requesters. If the parties are unable to reach agreement, USRTK anticipates presenting the matter to the Court for resolution. Given the cooperative efforts currently underway, the parties suggest that the scheduling of briefing and hearing for the potential summary judgment motions be deferred at this time. If the parties are unable to resolve this FOIA dispute amicably, they will submit a further case management conference statement with a proposed summary judgment briefing schedule and/or a proposed briefing schedule on fees motion practice.

**18. Trial**

The parties anticipate that this action will involve purely legal issues and will be resolved by motion without the need for a trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15. Plaintiff timely filed its "Corporate Disclosure Statement" (ECF No. 2) and represents that it is unaware of any non-party interested entities or persons.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

None applicable.

//
//
//
//
//
//

DATED:  September 12, 2023   Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jevechius D. Bernardoni*\*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Federal Defendant

DATED:  September 12, 2023   */s/ Daniel C. Snyder*
DANIEL C. SNYDER
PUBLIC JUSTICE

DATED:  September 12, 2023   */s/ Lily Rivo*
LILY RIVO
Greenfire Law, PC

Attorneys for Plaintiff
US RIGHT TO KNOW

\**In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

The Parties' request to continue the Case Management Conference set for September 19, 2023 at 1:30 PM is hereby GRANTED. The Case Management Conference is continued until October 17, 2023 at 1:30 PM. A Further Case Management Statement shall be filed on or before October 10, 2023.

IT IS SO ORDERED.

DATED:  September 14, 2023

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge