ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3721
    Facsimile: (510) 637-3724
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>    Defendant. | Case No. 4:23-cv-2954-KAW<br><br>**JOINT STATUS REPORT; FURTHER CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |

    Plaintiff, US Right to Know ("Plaintiff" or "USRTK") and defendant, National Institutes of Health ("Defendant"), jointly submit this Joint Status Report, Further Case Management Statement, and Proposed Order.

### Joint Status Report

    Following the parties' last Case Management Statement (ECF No. 19), Defendant continued to refine its search for records potentially responsive to the FOIA requests at issue in this litigation. As a result, late last week Defendant identified additional records that are potentially responsive to FOIA Request Two. Defendant has not had an opportunity to review those records and cannot currently estimate how many of those records are actually responsive to Plaintiff's FOIA requests.

    The parties intend to negotiate a stipulated processing schedule, but they are unable to do so given

the current uncertainty regarding the volume of potentially responsive records. As such, the parties jointly request that the Court continue the Case Management Conference presently set for October 17, 2023 at 1:30 p.m. to November 14, 2023 at 1:30 p.m. A proposed order is attached hereto.

**Content Required By Standing Order For All Judges Of The Northern District of California: Contents of Joint Case Management Statement**

**1.     Jurisdiction and Service**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Defendant answered the complaint. ECF No. 16. No issues exist regarding personal jurisdiction, service, or venue.

**2.     Facts**

USRTK submitted FOIA requests to Defendant on November 5, 2021 ("Request One") and on January 21, 2022 ("Request Two") (collectively, the "Requests"). The Complaint includes three causes of action under the FOIA: failure to produce non-exempt responsive records; failure to provide timely final determination, and a failure to provide an updated and accurate estimated completion date. Since initiation of this case, USRTK has conferred with Defendant about the interpretation and search for records responsive to the Requests and an appropriate production schedule. USRTK states its intent to work as cooperatively as possible with Defendant to avoid unnecessary litigation, including over records that Defendant asserts are not subject to disclosure by virtue of one or more of the FOIA's exemptions.

Defendant disputes that there are any unlawful withholdings at issue but joins in USRTK's intent to work cooperatively with USRTK to resolve any disputes in this matter.

**3.     Legal Issues**

USRTK submits that the following legal issues are presently involved in this lawsuit:

  i.     Whether Defendant issued timely and lawful final determinations on the Requests;

  ii.    Whether Defendant failed to provide updated estimated completion dates on the Requests;

  iii.   Whether Defendant has produced all responsive, non-exempt records responsive to the Requests following a reasonably adequate search;

  iv.    Whether Defendant's withholdings under any claimed FOIA disclosure exemption

are lawful and factually supported;

   v.  Whether USRTK is entitled to its attorneys' fees and costs.

Defendant submits that additional legal issues may include whether any of the affirmative defenses in Defendant's answer (ECF No. 16) bar any of USRTK's legal claims.

**4.  Motions**

There are no prior motions.  If the parties are not able to resolve the case cooperatively, the parties anticipate that the case will be resolved through cross-motions for summary judgment.

**5.  Amendment of Pleadings**

No party anticipates amending its pleadings at this time.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation of evidence in this action.

**7.  Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.  Discovery**

To date, no discovery has been taken by any party.  The parties note that discovery is generally not appropriate in FOIA actions.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).  However, USRTK hereby reserves its right to seek discovery concerning the timing and locations where Defendant searched for and processed records responsive to the Requests.  This specifically includes whether Defendant conducted a reasonably adequate search of Dr. Morens' gmail account and related devices for agency records.  In response, Defendant states that discovery is generally unavailable in FOIA actions, and that FOIA discovery is limited because the underlying FOIA case revolves around the propriety of revealing certain documents.

**9.  Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

USRTK seeks the production of all non-exempt records responsive to USRTK's Requests; that all disclosure exemptions are lawfully applied and factually supported; declaratory relief on USRTK's claims concerning the failure to issue a final determination and failure to provide an updated estimated completion date; and an award of attorneys' fees and costs under 5 U.S.C. section 552(a)(4)(E).

Defendant denies that Plaintiff is entitled to any relief.

**12.    Settlement and ADR**

The parties have conferred about ADR processes and believe that ADR is premature at this time. The parties are continuing to communicate and are working to narrow the issues that may be presented at either a settlement conference or ADR process.

**13.    Consent to Magistrate for All Purposes**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. _X_ Yes ___ No

**14.    Other References**

None applicable.

**15.    Narrowing of Issues**

None applicable.

**16.    Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

The parties intend to negotiate a stipulated processing schedule once there is greater certainty regarding the volume of responsive records.  Given the cooperative efforts currently underway, the parties suggest that the scheduling of briefing and hearing for the potential summary judgment motions be deferred at this time.  If the parties are unable to resolve this FOIA dispute amicably, they will submit a further case management conference statement with a proposed summary judgment briefing schedule

and/or a proposed briefing schedule on fees motion practice.

**18.    Trial**

The parties anticipate that this action will involve purely legal issues and will be resolved by motion without the need for a trial.

**19.    Disclosure of Non-Party Interested Entities or Persons**

As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.  Plaintiff timely filed its "Corporate Disclosure Statement" (ECF No. 2) and represents that it is unaware of any non-party interested entities or persons.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other matters as may facilitate the just speedy and inexpensive disposition of this matter**

None applicable.

DATED:  October 10, 2023                                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jevechius D. Bernardoni*\*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Federal Defendant

DATED:  October 10, 2023                                    */s/ Daniel C. Snyder*
DANIEL C. SNYDER
PUBLIC JUSTICE

DATED:  October 10, 2023                                    */s/ Lily Rivo*
LILY RIVO
Greenfire Law, PC

Attorneys for Plaintiff
US RIGHT TO KNOW

*\*In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury*

JOINT STATUS REPORT; FURTHER CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
4:23-cv-2954-KAW                                   5

*that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

The Parties' request to continue the Case Management Conference set for October 17, 2023 at 1:30 p.m. is hereby GRANTED. The Case Management Conference is continued until November 14, 2023 at 1:30 p.m. A Further Case Management Statement shall be filed on or before November 7, 2023.

IT IS SO ORDERED.

DATED: _____

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge