CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone:  (415) 436-7224
  Facsimile:  (415) 436-6748
  jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH, <br><br> Defendant. | Case No. 4:23-cv-2954-KAW <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; [PROPOSED] ORDER; DECLARATION OF JEVECHIUS D. BERNARDONI** |

Defendant National Institutes of Health (the "Agency" or "NIH") files this Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12 and 7-11.  In addition to this matter (the "First Case"), the two other FOIA cases which appear to be related are:

1.  *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal.) ("Second Case"); and

2.  *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal.) ("Third Case").

Civil Local Rule 3-12(a) provides that "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  The First, Second, and Third Cases are all related to each other under this standard.

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:23-cv-2954-KAW                                                                    1

First, the three cases all concern the exact same parties:  U.S. Right to Know, a nonprofit organization, and the National Institutes of Health, the nation's medical research agency.  *See* Civ. L.R. 3-12(a)(1).

The cases also concern substantially similar events.  *See id.*  All three cases concern FOIA requests Plaintiff submitted to the NIH seeking NIH employees' communications related to the COVID-19 pandemic.  For example, the FOIA request at issue in this case requested, among other things, "email correspondence to or from Dr. David Morens, National Institute of Allergy and Infectious Diseases, with EcoHealth Alliance" from "January 1, 2016 to the present."  *See* ECF No. 1 ¶ 55.  In the Second Case, the FOIA requests sought, among other things, "email communications related to the origins of Covid-19 that have been deleted, or were attempted to be deleted, . . . or were conveyed on personal email accounts" of various staff, including David Morens, regarding various topics, including "EcoHealth Alliance"; this FOIA request did not include a date limitation.  Second Case, ECF No. 1 ¶ 19 & Ex. A.  And in the Third Case, the FOIA request again "requested that the NIH conduct a complete and thorough search of Dr. Morens' personal communications channels for official NIH business" for the time period of "January 1, 2020 to present."  Third Case, ECF No. 1 ¶ 36 & Ex. A at 3-4.

Second, there would be both unduly burdensome duplication of labor, and a risk of conflicting results, if the cases are heard by different judges.  *See* Civil Local Rule 3-12(a)(2).  These three cases involve FOIA requests seeking overlapping categories of records, and they raise overlapping legal issues about what records the Agency does or does not possess, and the propriety of its withholdings under the FOIA.  It would be unnecessarily redundant to have different courts consider such closely related issues.  Indeed, the NIH has already taken the position in the Second Case that many of the records Plaintiff requests in that action have already been produced in response to other FOIA requests and litigations, such as the First Case.  *See, e.g.*, Second Case, ECF No. 24 at 2.  It makes sense for the Court that is most familiar with the scope of materials being produced in the First Case to resolve any disputes about the overlap of those records with those requested in the Second and Third Cases.  And even apart from that concern, there is a risk of inconsistent rulings if different judges retain jurisdiction over the overlapping legal and factual issues in these three cases.

Importantly, while the three case have different ages, none has yet reached the summary judgment stage, and the common legal issues shared by these cases have yet to be decided.

The NIH therefore respectfully requests that these three cases be related.

DATED:  April 13, 2026                                  Respectfully submitted,

                                                                     CRAIG H. MISSAKIAN
                                                                     United States Attorney

                                                                     */s/ Jevechius D. Bernardoni*
                                                                     JEVECHIUS D. BERNARDONI
                                                                     Assistant United States Attorney

                                                                     Attorneys for Federal Defendant

**PROPOSED ORDER**

Good cause appearing, the Court finds that the following cases are related to this case under Civil Local Rule 3-12(a):

1. *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal.); and

2. *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal.).

Date:

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:23-cv-2954-KAW                                             1

## DECLARATION OF JEVECHIUS D. BERNARDONI

I, Jevechius D. Bernardoni, declare and state as follows:

1.      I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of California and counsel of record for the federal Defendant in the above-captioned action.

2.      On April 9, 2026, my office contacted counsel for Plaintiff and requested Plaintiff's position on whether this case should be related to two other FOIA actions Plaintiff has filed against Defendant in this district:  *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal.) ("Second Case"); and *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal.) ("Third Case").  Plaintiff's counsel responded on April 10, 2026, indicating that they agreed that the Second and Third Cases should be related to each other, but disagreed that either should be related to the First Case.

3.      For the reasons stated in the Motion above, Defendant believes that all three cases should be related under Civil Local Rule 3-12(a).  Therefore, Defendant was not able to obtain a stipulation for the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  April 13, 2026

/s/ Jevechius D. Bernardoni
JEVECHIUS D. BERNARDONI
Assistant United States Attorney