Daniel C. Snyder (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5251
Facsimile: (202) 232-7203
Email: dsnyder@publicjustice.net

Rachel S. Doughty (Cal. Bar No. 255904)
Lily A. Rivo (Cal Bar No. 242688)
Richard A. Brody (Cal Bar No. 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
        LRivo@greenfirelaw.com
        RBrody@greenfirelaw.com
*Attorneys for Plaintiff US Right to Know*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br><br>Defendant. | Case No.: 4:23-cv-2954-KAW<br><br>**DECLARATION OF RICHARD A. BRODY IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

I, Richard A. Brody, declare:

1. I am an attorney at law, duly admitted to practice law in the Northern District of California. I am Of Counsel to Greenfire Law, P.C., which is co-counsel of record, acting in the role of local counsel, for Plaintiff U.S. Right to Know in this case, which the NIH has referred to as the "First Case" in its Motion. For ease of reference for the Court, I will refer to the cases that are the subject of the NIH's Motion using the same nomenclature used by the NIH, namely the First Case, Second Case and Third Case.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify to them.

3. Greenfire Law, P.C. is the sole counsel of record for Plaintiff U.S. Right to Know in the other two cases that are the subject of Defendant NIH's Motion, namely *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal., filed May 28, 2025) ("Second Case"); and *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal, filed Feb. 20, 2026) ("Third Case").

4. Attorney Daniel C. Snyder is not counsel of record for USRTK in either the Second Case or the Third Case.

5. The Second Case was filed on May 28, 2025. *U.S. Right to Know v. NIH*, No. 4:25-cv-04490-ASK (N.D. Cal., May 28, 2025), Dkt. No. 1. The Second Case was initially assigned to Chief Magistrate Judge Donna M. Ryu. Following Chief Magistrate Judge Ryu's retirement, the Second Case was assigned to Magistrate Judge Ajay S. Krishnan. Second Case, Dkt. 22. Three prior Case Management Conferences have been continued without a hearing. The current Case Management Conference in the Second Case is scheduled for Tuesday, April 21, 2026. Second Case, Dkt. No. 25. The Court has not issued a complete Case Schedule in the Second Case. Nor has the Court yet issued an Order Setting a Production Schedule. No motions concerning issues pertaining to the production of documents have been scheduled. Instead, the parties in the Second Case have been actively meeting and conferring regarding issues related to

DECLARATION OF RICHARD A. BRODY IN OPPOSITION TO DEFENDANT NATIONAL INSTITUTES OF HEALTH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

the document production, and those discussions have not reached a point requiring the Court's intervention.

6. Substantively, the Second Case is an action under the Freedom of Information Act ("FOIA") to compel the production of documents in response to two separate FOIA requests by Plaintiff U.S. Right to Know. Attached hereto as **Exhibit A** is a true and accurate copy of the Complaint filed in the Second Case, which includes the two FOIA requests that are the subject of the Complaint.

7. Request One of the Second Case is a two-part request. Part I seeks records of email communications relating to the origins of COVID-19 that have been deleted or were attempted to be deleted from personal email accounts of NIH staff, including but not limited to Dr. Anthony Fauci, Dr. David Morens, Francis Collins, Greg Folkers, H. Clifford Lane, Erik Stemmy, Hugh Auchincloss and Gray Handley.  Request One also asks NIH to search for records concerning the origins of COVID-19, including but not limited to the origins of or SARS-CoV-2, the Wuhan wet market or Huanan Seafood Wholesale Market, cases of unusual pneumonia from September through November 2019, EcoHealth Alliance or Peter Daszak, Wuhan Institute of Virology or Shi Zhengli or Ben Hu, Ralph Baric, James Le Duc and Kristian Andersen.  Part II seeks a complete and thorough search of records concerning efforts to make potentially embarrassing NIH records disappear, including, but not limited to former NIH employee Margaret "Marg" Moore. Exh. A at 18-26.

8. Request Two of the Second Case is also a two-part request.  Part I seeks records of email communications to or from Dr. Michael Lauer, Deputy Director for Extramural Research at NIH, containing the email domain @ecohealthalliance.org.  Part II of Request Two seeks documents sent on August 27, 2021, by Peter Daszak, President of EcoHealth to Dr. Lauer including numerous identified .pdf documents. Exh. A at 33-34.

9. The Third Case was filed on February 20, 2026. *U.S. Right to Know v. NIH*, No. 3:26-cv-01500-SK (N.D. Cal., Feb. 20, 2026), Dkt. No. 1. The Third Case has been assigned to Magistrate Judge Sallie Kim. Third Case, Dkt. No. 4.  The Initial Case Management Conference

in the Third Case is scheduled for June 1, 2026. Third Case, Dkt. No. 8.  The Court has not issued a complete Case Schedule in the Third Case. Nor has the Court yet issued an Order Setting a Production Schedule. No motions concerning issues related to document production have been scheduled.

10. Attached hereto as **Exhibit B** is a true and accurate copy of the FOIA request which is the subject of the Complaint in the Third Case.

11. The FOIA request in the Third Case is a three-part request. It seeks documents reflecting official NIH business conducted by Dr. David Morens through personal communications channels.  The documents requested involve official NIH communications between Dr. Morens and 27 individuals containing any of nine specified keywords or combinations thereof for the period from January 1, 2020, to the present. Exh. B at 2-4.

12. Plaintiff U.S. Right to Know opposes relating the First Case to the Second and Third Cases.  Plaintiff U.S. Right to Know does not oppose relating the Second Case to the Third Case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of April 2026, at Sebastopol, California.

*/s/ Richard A. Brody*
Richard R. Brody